Merrimack, }
Dec., 1898. }

### HARVEY *v.* MORSE.

In an action of trover by one having a special property in the goods con-
verted, the measure of damages is the value of his interest at the date of
conversion.

TROVER, for railway ties. The plaintiff made a contract with
D. & E., whereby he was to cut the ties from timber standing
upon their land, and pay them for the ties and for drawing to
the railroad, all that he should receive for them over ten cents
each. Under the contract the plaintiff employed and paid chop-
pers who cut the ties, which D. & E. drew out and piled on land
of the railroad. While the plaintiff was negotiating a sale of
the ties to the railroad, they were attached and sold, upon a writ
against D. & E., by the defendant, a deputy sheriff.

Subject to the plaintiff's exception, the court refused to in-
struct the jury that the measure of his damages was the value
of the ties at the date of the conversion, and instructed them
that the measure of his damages was the amount which he was
entitled to retain upon a sale of the ties, or ten cents for each
tie, with interest. The jury returned a verdict accordingly.

*Napoleon B. Hale* and *Albin, Martin & Howe,* for the plaintiff.

*Burnham, Brown & Warren,* for the defendant.

PIKE, J. The contract between D. & E. and the plaintiff did
not constitute a sale of the ties. *Rowell* v. *Claggett, ante, p.* 201.
It was simply an agreement whereby the plaintiff obtained a
special property in them, for cutting them and negotiating their
sale. The value of this special property was fixed by the agree-
ment at ten cents a tie. In no event was the plaintiff to receive
more than this from the contract. The general property, re-
tained by D. & E., was of an uncertain value, and depended upon
the sale the plaintiff might be able to effect. The proceeds of
the sale, less the value of the plaintiff's interest, was the share
which D. & E. had in the transaction.

When the attachment was made the plaintiff's part of the
contract was practically performed, although the sale was not
complete. The general property in the ties remained in D. & E.,
and was subject to attachment for their debts. The plaintiff's
damages were only the value of his special property, and this
was what the jury were instructed to allow him.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.